IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| EARL E. SYDNER, JR., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | No.   08-cv-737-MJR |
| | ) | |
| DEPUTY MICHAEL MARKS, DEPUTY MARTIN VAUGHN SERGEANT JEROME VANN, DEPUTY GREG ROWALD, SERGEANT GEORGE SCHAEFER, DEPUTY CHARLIE GLIDEWELL AND DEPUTY ROBERT TELLOR, | ) ) ) ) ) ) ) | CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. 1983 (STATE PRISONER) |
| Defendants | ) | |

**MOTION TO DISMISS PURSUANT TO
FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6)**

NOW Come the Defendants, Sergeant Jerome Vann, Deputy Greg Rowald, Sergeant George Schaefer, Deputy Charles Glidwell and Deputy Robert Tellor, by Bleyer and Bleyer, their attorneys, and for their Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(6), say:

1.      Plaintiff, Earl Sydner filed his original Complaint herein on October 20, 2008, alleging that he suffered injuries and a violation of his civil rights on August 7, 2007, and named a number of individuals as "John Doe" in his Complaint.

2.      That the Plaintiff's First Amended Complaint was filed herein on November 3, 2010, naming Sergeant Jerome Vann, Deputy Greg Rowald, Sergeant George Schaefer, Deputy Charlie Glidewell and Deputy Robert Tellor as named Defendants.

3.      That the depositions of these Defendants were taken on August 23, 2010, which was more than a year after the expiration of the Statute of Limitations.

4. That attached hereto as Exhibit A is the deposition of Sergeant Jerome Vann indicating that he had no involvement in the allegations of Earl Sydner and it is apparent from his testimony that he had no knowledge that Earl Sydner had a complaint against him or that he was named as a John Doe until the date of his deposition.

5. That attached hereto as Exhibit B is the deposition of Deputy Greg Rowald and it is apparent from his testimony that he had no knowledge that Earl Sydner had a complaint against him or that he was named as a John Doe until the date of his deposition.

6. That attached hereto as Exhibit C is the deposition of Sergeant George Schaefer and it is apparent from his testimony that he had no knowledge that Earl Sydner had a complaint against him or that he was named as a John Doe until the date of his deposition.

7. That attached hereto as Exhibit D is the deposition of Deputy Charlie Glidewell and it is apparent from his testimony that he had no knowledge that Earl Sydner had a complaint against him or that he was named as a John Doe until the date of his deposition.

8. That attached hereto as Exhibit E is the deposition of Deputy Robert Tellor and it is apparent from his testimony that he had no knowledge that Earl Sydner had a complaint against him or that he was named as a John Doe until the date of his deposition.

9. That it is clear from the testimony of each of the Defendants that the Plaintiff had served no notice on theses Defendants within the Statute of Limitations that these Defendants were subject to his Complaint for civil rights violations nor notice that these Defendants were the "John Does" listed in the original Compliant.

10. That in order to name these Defendants as Defendants after the Statute of Limitations, the Plaintiff must show that these Defendants had notice of the action or knew or should have known that they were subject to complaints by Earl Sydner. ***Sassi vs. Breier***, 584

F2d 234 (7th Cir. 1978).

11.     That it is apparent from the face of the Plaintiff's First Amended Complaint and from the testimony of each of these Defendants that the Plaintiff's First Amended Complaint was not filed within the Statute of Limitations as to the Defendants, Sergeant Jerome Vann, Deputy Greg Rowald, Sergeant George Schaefer, Deputy Charlie Glidewell and Deputy Robert Tellor and that the Plaintiff's First Amended Complaint should be dismissed as to those Defendants.

WHEREFORE, Defendants, Sergeant Jerome Vann, Deputy Greg Rowald, Sergeant George Schaefer, Deputy Charlie Glidewell and Deputy Robert Tellor pray that Plaintiff's First Amended Complaint be dismissed at Plaintiff's costs.

**DEFENDANTS DEMAND TRIAL BY A JURY.**

                BLEYER and BLEYER

                S/Joseph A. Bleyer
                  Attorney Registration No. 6193192
                  Attorneys for Defendants, Sergeant Jerome Vann,
                  Deputy Greg Rowald, Sergeant George Schaefer,
                  Deputy Charlie Glidewell and Deputy Robert
                  Tellor

BLEYER AND BLEYER
Attorneys at Law
601 West Jackson Street
Post Office Box 487
Marion, IL 62959-0487
Telephone:     (618)997-1331
Facsimile:     (618)997-6559
e-mail:        jableyer@bleyerlaw.com

## *CERTIFICATE OF SERVICE*

I hereby certify that on January 7, 2011, I electronically filed a Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(6) on behalf of Sergeant Jerome Vann, Deputy Greg Rowald, Sergeant George Schaefer, Deputy Charlie Glidewell and Deputy Robert Tellor with the Clerk of the Court using CM/ECF System which will send notifications of such filing to the following:

>Mr. Mark A. Prost
>Ms. Kathryn L. Hurie
>Sandberg, Phoenix
>515 North Sixth Street
>One City Centre, 15th Floor
>St. Louis, MO 63101

I hereby certify that on January 7, 2011, I mailed by United States Postal Service, the documents to the following nonregistered participants:

>None

>>S/JOSEPH A. BLEYER

BLEYER and BLEYER
Attorneys at Law
601 West Jackson Street
Post Office Box 487
Marion, IL 62959-0487
Telephone:   (618) 997-1331
Fax:         (618) 997-6559
e-mail:      *jableyer@bleyerlaw.com*