IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EARL E. SYDNER JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 08–cv–737–MJR–SCW |
| | ) |
| DEPUTY MICHAEL MARKS, DEPUTRY MARTIN VAUGHN, SERGEANT JEROME VANN, DEPUTY GREG ROWLAND, SERGEANT GEORGE SCHAEFER, DEPUTY CHARLIE GLIDEWELL, and DEPUTY ROBERT TELLOR, | ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

### I. Introduction

This matter has been referred to United States Magistrate Judge Stephen C. Williams by United States District Judge Michael J. Reagan pursuant to **28 U.S.C. § 636(b)(1)(B), FEDERAL RULE OF CIVIL PROCEDURE 72(b)**, and **LOCAL RULE 72.1(a)** for a Report and Recommendation on the issue of whether Plaintiff properly identified previous John Doe defendants within the statute of limitations. It is **RECOMMENDED** that the Court **GRANT IN PART AND DENY IN PART** Defendant's Motion to Dismiss (Doc. 54) as Plaintiff has properly identified some defendants within the limits of the statute of limitations but on other defendants he is barred by the statute of limitations.

### II. Findings of Fact

Plaintiff filed his original Complaint on October 20, 2008, alleging excessive use of force, failure to prevent harm, and due process violations by several known and unknown police officers at the Jackson County Jail. Plaintiff alleged that on August 3, 2007 while a pretrial detainee at the Jackson

County Jail, he was being moved from the courthouse and along his walk, dropped his discovery on the sidewalk (*See* Doc. 10).[1] Plaintiff stopped in order to retrieve his discovery as his shackles and waist belt prevented him from picking up the discovery but Defendant Marks told Plaintiff to keep moving. When Plaintiff tried to explain to Marks that he needed to retrieve his discovery, Marks radioed ahead that he needed help in booking. Marks then grabbed Plaintiff by his shirt neck and began to choke him, then lifted him by his waist cuff belt and shoved him. Once in booking, Plaintiff alleges that Marks along with two other unidentified officers, named as Doe #4 and Doe #2, attacked him. Plaintiff was then placed in a holding cell with no running water and a non-functioning toilet that was filled with excrement. Although Plaintiff tried to call attention to his injuries, his requests for medical detention were denied. Specifically, Plaintiff alleges that an unknown officer, Doe #5, checked on Plaintiff but refused him medical treatment.

Plaintiff was eventually removed from his holding cell and returned to his cell block by Doe #5. On August 4, 2007, he submitted a grievance regarding his assault and lack of medical care. On August 8, 2007, Plaintiff was taken by an unknown officer to see a nurse. Sometime that same day he asked Doe #6 for a copy of his grievance and to again see the nurse, but Doe #6 stated "I have somewhere you can wait" and then placed him back in the holding cell for three hours. He was subsequently placed in segregation.

On August 9, 2007, Plaintiff asked "George" Doe #3 for a copy of his disciplinary report but was denied. On August 12, 2007, he asked Defendant Vaughn for the report but Vaughn informed him that the jail did not need to provide Plaintiff with a copy. On August 17, 2007, Plaintiff asked an unnamed shift sergeant how long he would remain in segregation and then on August 18, 2007,

---

[1] The factual background set forth in this case is taken primarily from the Court's Order on its § 1915 review (*See* Doc. 10).

he was returned to general population.

Plaintiff's initial Complaint alleged that Defendant Marks, Doe #2 and Doe #4 used excessive force when moving him to booking and placing him in the holding cell. He further alleged a claim of failure to prevent harm against Defendants Burns and Doe #1, but those claims were dismissed during §1915 review. Plaintiff's final claim in his original Complaint was a violation of his due process rights for placing him in the holding cell, failing to remove him from that cell, and failing to provide him with medical care. Plaintiff's due process claim was against Defendants Vaughn, Doe #3, Doe #5, and Doe #6.

Plaintiff's due process claims and claim of excessive force survived § 1915 review and the case was assigned to the Magistrate Judge for discovery scheduling. The remaining claims were referred on August 28, 2009. On October 20, 2010, more than a year after Plaintiff's claims were referred to the Magistrate Judge and four months after the close of discovery and the dispositive motions deadline, Plaintiff was informed by the Court that John Does #1-6, as well as Sergeant George and Deputy Charlie were never served (Doc. 45). The Court warned Plaintiff that if he did not effectuate service within twenty (20) days of the Order, the defendants would be dismissed. Subsequently, that same day, Plaintiff sought leave to amend his complaint in order to properly allege his allegations (Doc. 46).[2] Plaintiff was granted leave to file and filed his First Amended Complaint (Doc. 49) on November 3, 2010.

Plaintiff's First Amended Complaint sought to identify the unknown officers listed in his original Complaint. John Doe #2 was identified as Deputy Greg Rowald; George Doe #3 was

---

[2] The motion to amend, filed by Plaintiff attorney who had been appointed by the Court on March 16, 2010, stated that Plaintiff's new attorney had conducted lengthy discovery and investigation of the facts and was prepared to file a more "artfully pled" Complaint that "conform[ed] to the evidence, and [sought] all proper relief that he is entitled to seek in this action (Doc. 46).
Page 3 of 12

identified as Deputy George Schaefer; Charlie Doe #4 was identified as Deputy Charlie Glidewell; John Doe #5 was identified as Robert Tellor and John Doe #6 was identified as Deputy Martin Vaughn. Plaintiff also alleged that the Defendant referred to as Deputy Vaughn in his original Complaint was actually Sergeant Jerome Vann.

Subsequently, on January 7, 2011, Defendants filed the pending motion to dismiss (Doc. 54). Defendants claim that Plaintiff's First Amended Complaint against the now named defendants is barred by the statute of limitations (Doc. 54). Plaintiff has filed a Response (Doc. 56) arguing that his First Amended Complaint is not barred because his new Complaint relates back to the allegation in his original Complaint.

### III. Conclusions of Law

**A. FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Defendants have filed their motion to dismiss pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**. Under **Rule 12(b)(6)**, the Court must accept all well-pleaded allegations in a plaintiff's complain as true. **See Cleveland v. Rotman, 297 F.3d 569, 571 (7th Cir. 2002); Whitwell v. Wal-Mart Stores, Inc., Civil No. 09-513-GPM, 2009 WL 4893575, at *2 (S.D.Ill. Dec. 11, 2009)**. The purpose of a Rule 12(b)(6) motion is to decide the adequacy of the complaint, not the merits of the case. **See Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990)**. A complaint should not be dismissed unless it either fails to provide adequate notice of a plaintiff's claim for relief or does not contain "enough facts to state a claim to relief that is plausible on its face". **Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). See also EEOC v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir. 2007)**. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the...grounds...of his...entitlement to relief...requires more than labels and conclusions, and

a formulaic recitation of a cause of action's elements will not do." **Heinze v. Southern ill. Healthcare, Civil No. 08-672-GPM, 2010 WL 276722, at \*2 (S.D.Ill. Jan. 19, 2010) (quoting *Bell Atl. Corp.*, 550 U.S. at 555) (brackets omitted)).** For purposes of a Rule 12(b)(6) motion, the allegations of a *pro se* complaint, which this case was originally filed as, are to be liberally construed. **See *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994); *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006).**

**B.      Statute of Limitations**

Defendants contend that the Plaintiff's First Amended Complaint which was filed November 3, 2010 and seeks to name previously unidentified "John Doe" defendants with Sergeant Jerome Vann, Deputy Greg Rowald, Sergeant George Schaeger, Deputy Charlie Glidewell and Deputy Robert Tellor is barred by the applicable Statute of Limitations and that Plaintiff's claims do not relate back to the date of the original pleading under **FED.RULE CIV.P. 15(c)**. The Court notes that because statute of limitations arguments are an affirmative defense which a plaintiff is not required to anticipate in its complaint, dismissal under Rule 12(b)(6) for such grounds is irregular. ***Alman v. Dart,* Case No. 08-cv-6322, 2010 WL 502755, at \*2 (N.D.Ill. Feb. 9, 2010) (citing *United States v. Northern Trust Co.*, 372 F.3d 866, 888 (7th Cir. 2004)).**

Defendants argue that they were not properly identified as named Defendants until after the expiration of the proper statute of limitations. Section 1983 claims are subject to the statute of limitations for personal injury actions in the state in which the alleged injury occurred. ***Wilson v. Garcia*, 471 U.S. 261, 276-80, 104 S.Ct. 1938, 85 L.Ed. 2d 254 (1985); *King v. One Unknown Federal Correctional Officer*, 201 F.3d 910, 913 (7th Cir. 2000); *Henderson v. Bolanda,* 253 F.3d 928, 931 (7th Cir. 2001)**. In Illinois, such claims are governed by the two-year statute of limitations applicable to personal injury actions. **735 Ill. Comp. Stat. 5/13-202; *Hileman v. Maze*, 367 F.3d 694,**

696 (7th Cir. 2004); *Henderson*, 253 F.3d at 931 (citing *Ashafa v. City of Chicago*, 146 F.3d 459, 462 (7th Cir. 1998)). The limitations period is tolled while a prisoner exhausts administrative remedies. *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001). The events that form the basis of Plaintiff's Complaint occurred on August 3-17, 2007 (*See* Doc. 1-1 ¶ 17). Therefore, the statute of limitations for Plaintiff's § 1983 claims ran on August 17, 2009. Accordingly, Plaintiff's allegations against the named defendants in his First Amended Complaint are time barred unless they relate back under **FEDERAL RULE OF CIVIL PROCEDURE 15(c)**.

**FEDERAL RULE OF CIVIL PROCEDURE 15(c)** allows a plaintiff to amend his pleading and relate back to the date of the original pleading when:

(c) the amendment changes the party or the naming of the party against whom a claim is asserted...if...the party to be brought in by amendment:

  (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

  (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

**FED.R.CIV.P. 15(c)(i)-(ii).**

This section allows a party to amend his complaint and "relate back only where there has been an error made concerning the identify of the proper party and where that party is chargeable with knowledge of the mistake. **Worthington v. Wilson, 8 F.3d 1253, 1256 (7th Cir. 1993) (construing the mistake requirement in Rule 15(c)(quoting *Wood v. Worachek*, 618 F.2d 1225, 1229-30 (7th Cir. 1980))); Baskin v. City of Des Plaines, 138 F.3d 701, 704 (7th Cir. 1998); King, 201 F.3d at 914 ("we have interpreted [Rule 15(c)] to permit an amendment to relate back to the original complaint only where 'there has been an error made concerning the identity of the**

proper party and where that party is chargeable with knowledge of the mistake'" (citation omitted)). However, the Seventh Circuit has consistently held that the mistake requirement is not applicable when the plaintiff simply lacks knowledge of the identity of the party to be sued. *King*, 201 F.3d at 914 (finding that plaintiff had a "simple lack of knowledge" of property party when he filed complaint against "one unknown federal correctional officer" thus the relation back requirements in Rule 15(c) were not met); *Worthington*, 8 F.3d at 1257 (finding that neither plaintiff nor counsel knew names of "unknown police officers" and thus the failure was due to a lack of knowledge not a mistake); *Baskin*, 138 F.3d at 704 (naming of certain "unknown police officers" was not a mistake under Rule 15(c) and thus plaintiff's later amended complaint which provided the name of the officer was untimely); *LaChance v. City of Chicago*, 2003 WL 1809466, at *2 (N.D. Ill 2003) ("where generic names such as 'John Doe' or 'unnamed officer' are used do not fall under [Rule 15(c)] because there is no mistake…[and such names] can in no way give the party later named knowledge that but for a mistake they would have been named"(citing cases)) . A plaintiff is therefore "prevented from availing himself of the relation back doctrine of Rule 15(c)" when his failure to name a defendant is due to a lack of knowledge of the identity rather than a mistake. *Worthington*, 8 F.3d at 1257. Compare *Baskin*, 138 F.3d at 704 (naming "unknown police officer" was not a mistake) with *Donald v. Cook County Sheriff's Department*, 95 F.3d 548 (7th Cir. 1996) (plaintiff met "mistake" requirement where he mistakenly believed that he could sue individual officers by simply naming the Sheriff's Department as a defendant); *Eison v. McCoy*, 146 F.3d 468, 471-72 (7th Cir. 1998)(plaintiff's original complaint describing defendants by their nicknames was akin to labeling them John Does as the alias did not provide notice to individuals, no summons were ever issued, and no officers were served on the basis of the aliases). The Seventh Circuit has consistently held that

labeling a defendant as a "John Doe" or "unknown officer" insinuates a lack of knowledge for purposes of Rule 15(c). When a plaintiff's failure to name a proper defendant is not due to a mistake but rather a lack of knowledge, "it is irrelevant for purposes of [Rule 15] whether or not the purported substitute party knew or should have known that the action would have been brought against him." **Baskin, 138 F.3d at 704 (citing Wood, 618 F.2d at 1230); see also King, 201 F.3d at 914**. The Seventh Circuit has held that Rule 15(c) is only used as "a means for correcting the mistakes of plaintiffs suing official bodies in determining which party is the proper defendant." **King, 201 F.3d at 914 (quoting Donald, 95 F.3d at 560).**

C.  Analysis

In their Motion to Dismiss, Defendants seek to dismiss Defendants Sergeant Jerome Vann, Deputy Greg Rowald, Sergeant George Schaefer, Deputy Charles Glidewell, and Deputy Robert Tellor as they argue that Plaintiff's First Amended Complaint properly naming the defendants was barred by the statute of limitations because it was filed more than two years after the incident alleged in Plaintiff's Complaint. Plaintiff, on the other hand, argues that the amended complaint is not time barred because the allegations relate back under 15(c). Further, he notes that all of the Defendants at issue had notice of the original complaint as required under the requirements of Rule 15(c).

However, the Court notes that Plaintiff's First Amended Complaint seeks to substitute at least two named defendants for those originally listed in his Complaint as John Does. Specifically, Defendants Deputy Rowald and Deputy Tellor were originally listed as John Doe #2 and John Doe #5 in Plaintiff's original Complaint. Thus, as Plaintiff did not know the names of the defendants but rather listed them as John Does, he can not avail himself of the mistake provision in Rule 15(c). **See Hall v. Norfolk Southern Ry. Co., 469 F.3d 590, 596 (7th Cir 2006)**; **Worthington, 8 F.3d at 1257; Baskin, 138 F.3d at 704; LaChance, 2003 WL 1809466, at *2 (N.D. Ill 2003).** Instead, his failure to name

Defendants Rowald and Tellor amounts to a lack of knowledge of their proper identities which does not qualify for the relation back principle found in Rule 15(c). While Plaintiff argues that both Defendants Rowald and Tellor were on notice of Plaintiff's action because Rowald had independent memory of the events described in the Complaint and Tellor recalled Plaintiff threatening to sue Tellor, such notice is irrelevant when the Plaintiff failed to identify defendants due to a lack of knowledge. **Baskin, 138 F.3d at 704 (citing Wood, 618 F.2d at 1230); see also King, 201 F.3d at 914**.[3] Thus, Plaintiff can not use the relation back principle found in Rule 15(c) regardless of whether the Defendants were provided with notice of the action. As Rule 15(c) can not be utilized in this case, Plaintiff's First Amended Complaint against Defendants Rowald and Tellor is clearly barred by the statute of limitations as his First Amended Complaint was not filed until November 2011, over two years after the statute of limitations ran. Accordingly, the undersigned **RECOMMENDS** that the Court **GRANT** Defendants' motion to dismiss as to Defendants Rowald and Tellor.

As to Defendant Sergeant Jerome Vann, Defendants also argue that he had no involvement in the allegations and no knowledge of the complaint against him or that he was intended to be a defendant in this action. Unlike the allegations against the John Doe defendants, however, Plaintiff alleges that Sergeant Jerome Vann was mistakenly labeled as Defendant Sergeant Vaughn in the original complaint. In the original Complaint, Plaintiff referred to the Sergeant as Deputy Sergeant Vaughn who was identified as "correctional sergeant...legally responsible for the supervision of

---

[3] The Court notes that even if the notice requirement was relevant under these circumstances, Plaintiff's highlighted deposition selections from Tellor and Rowald do not demonstrate that they were on notice of the current action before the Court. Tellor stated in his deposition that he did not even remember the incident alleged in the Complaint; he only recalled that Sydner had informed him that he was going to sue Tellor and the entire department. Tellor's testimony does not reflect that he had notice of this current action before the Court. Further, Rowald just testified about the events in August 2007 but his testimony did not reflect that he had received notice of the instant suit.

subordinate deputies, and the welfare of all the inmates of that jail" (Doc. 1-1). However, Plaintiff named the Sergeant as Vaughn, who was a deputy, instead of Vann, the sergeant Plaintiff refers to in the allegations. Unlike with the John Doe defendants, Plaintiff's misidentification constitutes a mistake under Rule 15(c). **See Baskin, 138 F.3d at 704 ("Rule [15(c)] permits an amended complaint to relate back to the original complaint only 'where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake.'" (citation omitted))**. In the original Complaint Plaintiff mistakenly labeled Sergeant Vann as Vaughn, an admitted error on Plaintiff's part. Further, Vann has admitted he had notice of the action as he read the complaint when the suit was first initiated (Doc. 56 Ex. A). Therefore, Plaintiff has met Rule 15(c)'s requirements for relation back as to Defendant Vann. Thus, the amended allegations against Defendant Vann are not barred by the statute of limitations. Accordingly, as to Defendant Vann, this Court **RECOMMENDS** that Defendants' motion to dismiss be **DENIED**.

Finally, Defendants argue that the amended claims against Defendants George Schaefer and Charlie Glidewell should be barred by the statute of limitations and also do not relate back to the original Complaint. In Plaintiff's original Complaint, he identified a Sergeant "George" Doe #3 and a Deputy "Charlie" Doe #4. Defendant's Amended Complaint sought to further identify these defendants as Sergeant George Schaefer and Deputy Charlie Glidewell. While Plaintiff still listed the Defendants as Does, the Court finds that his failure to further identify the specific Defendants by their last name constituted a mistake in that he thought that the information was enough to allege a claim against the Sergeant and Deputy. **See Donald, 95 F.3d 557-58 (plaintiff's mistaken belief that he could sue individual defendants by simply suing the institution for which they worked was enough to justify a mistake under Rule 15(c)).** The Court notes that Plaintiff appears to have identified Defendants by both their first name as well as proper title, rather than a simple John Doe or

Deputy Doe.  Further, as to Sergeant George Schaefer, Plaintiff meets the notice requirement of Rule 15(c).  Unlike many of the Defendants that Plaintiff tries to allege claims against, Defendant Schaefer admitted in his deposition that he had looked over the Complaint to determine his involvement (See Doc. 56 Ex. C).  Defendant Schaefer therefore had notice of the action against him and thus the claims against him relate back to the original Complaint.  However, the Court notes that Defendant Glidewell did not have such notice of the action.  While Plaintiff alleges Glidewell stated he could have been involved in the events that led to the allegations involved in his Complaint, Glidewell's deposition testimony said he had no memory of the events and never recalled an incident involving Plaintiff (Doc. 56 Ex. D).  Even if Plaintiff correctly met the mistake requirements of Rule 15(c), Glidewell clearly had no knowledge of the incident itself let alone notice of the action, contrary to Plaintiff's attempt to argue otherwise.  Therefore, the claims against Glidewell do not relate back to the original Complaint and thus are barred by the statute of limitations.  Accordingly, as to Defendants Glidewell and Schaefer this Court **RECOMMENDS** that the motion to dismiss be **GRANTED IN PART AND DENIED IN PART**.  The claims against Defendant Glidewell should be dismissed as barred by the statute of limitations but the claims against Defendant Schaefer should remain as they relate back to the original Complaint.

## IV.  Recommendation

In Conclusion, this Court **RECOMMENDS** that the Motion to Dismiss (Doc. 54) filed by Defendants be **GRANTED IN PART AND DENIED IN PART**.  It is **RECOMMENDED** that the Motion to Dismiss be **GRANTED** as to all John Doe Defendants, include those currently labeled in the Amended Complaint as Deputy Greg Rowald and Deputy Robert Tellor.  Further, it is **RECOMMENDED** that the Motion to Dismiss be **GRANTED** as to Defendant Deputy Charlie Glidewell.  However, the Court **RECOMMENDS** that the Motion to Dismiss be **DENIED** as to Sergeant Jerome Vann and Sergeant George Schaefer.  Should this Report and Recommendation be

accepted, the only claims left before the Court are Count I excessive force against Defendant Marks; Count II conspiracy to deprive constitutional rights against Defendant Marks; Count III Due Process - inadequate and unsanitary housing against Defendants Marks and Vaughn; Count IV Due Process - denial of medical care against Defendant Vaughn; Count V Due Process - Segregation against Defendants Schafer and Vann; and Count VI state law assault and batter against Defendant Marks.

IT IS SO ORDERED.

DATED: May 13, 2011

/s/ *Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge

Ojections to this Report and Recommendation must be filed by May 31, 2011.