IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EARL E. SYDNER, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 08-cv-0737-MJR-SCW |
| ) | |
| DEPUTY MICHAEL MARKS, DEPUTY ) | |
| MARTIN VAUGHN, SERGEANT ) | |
| JEROME VANN, DEPUTY GREG ) | |
| ROWLAND, SERGEANT GEORGE ) | |
| SCHAEFER, DEPUTY CHARLIE ) | |
| GLIDEWELL and DEPUTY ROBERT ) | |
| TELLOR, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

REAGAN, District Judge:

Plaintiff Earl E. Sydner, currently an inmate in the Dixon Correctional Center in Dixon, Illinois, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Sydner filed his original complaint on October 20, 2008, alleging excessive force, failure to prevent harm and due process violations by known and unknown police officers at the Jackson County Jail. The Court will briefly summarize Sydner' factual allegations, which are fully set out in the Court's threshold order (Doc. 10) and in United States Magistrate Judge Williams' Report and Recommendation (R&R) (Doc. 57).

Sydner alleges that on August 3, 2007, while a pretrial detainee at the Jackson County Jail, he was being moved from the courthouse, dropped his discovery on the

1

sidewalk and stopped to pick it up. Things went very badly for Sydner from that moment as he alleges that he was choked, shoved, attacked, put in a holding cell with no running water and a non-functioning toilet filled with excrement, and denied medical attention. Sydner claims that after he filed a grievance regarding these actions, he was retaliated against by being placed in segregation. Sydner seeks injunctive relief as well as compensatory and punitive damages.

Sydner's due process claims and claim of excessive force survived review under 28 U.S.C. § 1915A, and the matter was referred to the Magistrate Judge for further proceedings. On October 20, 2010, more than a year after Sydner's claims were referred to the Magistrate Judge and four months after the close of discovery and the dispositive motion deadline, the Court informed Sydner that John Does #1-6, as well as Sergeant George and Deputy Charlie had not been served (Doc. 45). The Court warned Sydner that failure to effectuate service within twenty days of the Order, would result in the defendants being dismissed. That same day, Sydner sought leave to amend his complaint in order to properly allege his claims (Doc. 46). Leave was granted on November 2, 2008, and the First Amended Complaint (FAC) was filed November 3 (Docs. 48, 49).

Plaintiff's FAC identified John Doe #2 as Deputy Greg Rowald; George Doe #3 as Deputy George Schaefer; Charlie Doe #4 as Deputy Charlie Glidewell; John Doe #5 as Robert Tellor and John Doe #6 as Deputy Martin Vaughn. Plaintiff also alleged that the Defendant referred to as Deputy Vaughn in his original Complaint was actually Sergeant Jerome Vann.

On January 7, 2011, Defendants moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that Plaintiff's FAC against the newly-identified Defendants is barred by the statute of limitations (Doc. 54). Plaintiff responded that claims against these Defendants are not barred because they relate back to the allegations in the original complaint. The motion was referred to Judge Williams, who submitted an R&R recommending that Defendants' motion to dismiss be granted in part and denied in part. Specifically, Judge Williams recommended (1) granting the motion as to all John Doe Defendants, including those identified in the FAC as Deputy Greg Rowald and Deputy Robert Tellor; (2) granting the motion as to Deputy Charlie Glidewell; and (3) denying the motion as to Sergeant Jerome Vann and Sergeant George Schaefer. On May 31, 2011, Defendants Vann and Schaefer filed a partial objection to the R&R (Doc. 58), to which Sydner responded on June 14, 2011 (Doc. 59). Sydner filed no objection to the R&R.

Accordingly, the Court will undertake *de novo* review of the portions of the Report to which specific objection was made. **28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b); Southern District of Illinois Local Rule 73.1(b);** *Govas v. Chalmers*, **965 F.2d 298, 301 (7th Cir. 1992)**. The Court may accept, reject or modify the recommended decision, or recommit the matter to the Magistrate Judge with instructions. **FED. R. CIV. P. 72(b); Local Rule 73.1(b);** *Willis v. Caterpillar, Inc.*, **199 F.3d 902, 904 (7th Cir. 1999).**

Rule (12)(b)(6) covers dismissal for failure to state a claim upon which relief can be granted. Dismissal is warranted under Rule 12(b)(6) if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*

*Corp. v. Twombly*, **550 U.S. 544, 570 (2007);** *EEOC v. Concentra Health Services, Inc.*, **496 F.3d 773, 776 (7th Cir. 2007).** In assessing a complaint or count under Rule 12(b)(6), the District Court accepts as true all well-pled factual allegations and draws all reasonable inferences in plaintiff's favor. *Tricontinental Industries, Inc., Ltd. v. PriceWaterhouseCoopers, LLP*, **475 F.3d 824, 833 (7th Cir.),** *cert. denied*, **128 S. Ct. 357 (2007);** *Marshall v. Knight,* **445 F.3d 965, 969 (7th Cir. 2006);** *Corcoran v. Chicago Park District*, **875 F.2d 609, 611 (7th Cir. 1989).**

Because a complaint need not anticipate or overcome affirmative defenses such as the statute of limitations, the Court of Appeals for the Seventh Circuit has deemed it "irregular" to dismiss a claim as untimely under Rule 12(b)(6). *Covington v. Mitsubishi Motor Mfg. of America, Inc.*, **154 Fed.Appx. 523, 524 (7th Cir. 2005) (citations omitted)**. Dismissal under Rule 12(b)(6) on this basis "is appropriate only where the plaintiff pleads himself out of court by 'admit[ting] all the ingredients of an impenetrable defense." *Id.* **at 524-25 (citing** *Xechem, Inc. v. Bristol-Myers Squibb Co.,* **372 F.3d 899, 901 (7th Cir.2004);** *United States v. Lewis,* **411 F.3d 838, 842 (7th Cir.2005) (explaining that dismissal is proper where complaint "plainly reveals that an action is untimely under the governing statute of limitations"))**. "In such cases, the validity of the defense must be 'apparent from the complaint itself' and 'unmistakable.'" *Id.* **(citing** *Walker v. Thompson,* **288 F.3d 1005, 1010 (7th Cir. 2002))**. Here, the validity of the defense is apparent from the complaint itself because - unless the Court finds that the FAC relates back to the original complaint - the FAC was filed outside the statute of limitations and all newly-identified Defendants must

4

be dismissed.

Defendants Vann and Schaefer argue that they were not properly identified until after the expiration of the statute of limitations.[1] Claims brought pursuant to § 1983 are subject to the statute of limitations for personal injury actions in the state in which the alleged injury occurred. **Wilson v. Garcia, 471 U.S. 261, 276-80 (1985); Savory v. Lyons, 469 F.3d 667, 672 (7th Cir. 2006)**. Illinois personal injury actions are governed by a two-year statute of limitations. ***Id*. (citing 735 ILCS 5/13-202)**. The events that form the basis of Sydner's FAC occurred on August 3 - 17, 2007; therefore, the statute of limitations for his claims ran on August 17, 2009. As a result, Sydner's claims against Vann and Schaefer are barred unless they relate back to the original complaint under Federal Rule of Civil Procedure 15(c).

Rule 15(c) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when:

> **(A)** the law that provides the applicable statute of limitations allows relation back;
>
> **(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out - or attempted to be set out - in the original pleading; or
>
> **(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the

---

[1]In a footnote, Sydner argues that Defendants' objection is untimely because it was not filed by May 27, 2011. First, the Court notes that Judge Williams' R&R specifically states that objections are due by May 31, 2011. Second, pursuant to Rule 3 of this Court's Electronic Filing Rules and Federal Rule of Civil Procedure 6(d), three days are added to the prescribed response period when service is made electronically, as when service is made by mail or by leaving the document with the Clerk of Court. In short, a correct calculation of the response period shows that Defendants' objection was timely filed.

5

period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

**(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and

**(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.
**Fed. R. Civ. P. 15(c)**.

As to Defendant Schaefer, Judge Williams reasoned that claims against him related back to the original complaint because Sydner mistakenly believed he had given enough information to identify Schaefer in the original complaint, having sued him as "Sergeant George," and Schaefer admitted at his deposition that he had looked over the complaint.

Defendants respond that it is clear from Schaefer's deposition that his reading of the complaint occurred outside the statute of limitations. Sydner counters that it is not clear from Schaefer's deposition when he first reviewed the pleading and that the amended pleading relates back to the original complaint if Schaefer learned of the suit informally and through any means.

A recent Supreme Court decision, *Krupski v. Costa Crociere S.p.A.*, -- **U.S. ---, 130 S.Ct. 2485 (2010)**, teaches that Sydner's belief that he had provided enough information to identify Schaefer is not one of the factors on which the Court should focus in determining relation back. Earlier this year, the Seventh Circuit noted that *Krupski* "changed what we and other courts had understood,... to be the proper standard for deciding whether an amended complaint relates back to the date of the filing of the original complaint." *Joseph v. Elan Motorsports Technologies Racing Corp.*, **638 F.3d 555, 559 (7th**

**Cir. 2011) (citing *Krupski*, 130 S.Ct. 2485**). The focus is not on what the plaintiff knew or should have known, but rather on "whether the defendant who is sought to be added by the amendment knew or should have known that the plaintiff, had it not been for a mistake, would have sued him instead or in addition to suing the named defendant; and ... whether, even if so, the delay in the plaintiff's discovering his mistake impaired the new defendant's ability to defend himself." *Id.* **at 559-60**. "A potential defendant who has not been named in a lawsuit by the time the statute of limitations has run is entitled to repose - unless it is or should be apparent to that person that he is the beneficiary of a mere slip of the pen, as it were." *Id.* **at 560 (citations omitted)**. Stated another way, under *Krupski* the Court conducts a two-pronged analysis: whether Schaefer knew or should have known that Sydner meant to sue him at the time of the original complaint and whether Sydner's delay in naming Schaefer impaired his ability to defend himself.

Sydner's original complaint named "George," a "correctional sergeant employed at Jackson County Jail," also identifying him as "Doe #3" (Doc. 1). Sydner alleged that "George" violated his due process rights in connection with "disciplinary treatment and punitive segregation" as well as failing to provide him with medical care. Sydner identified Doe #3 as George Schaefer in the FAC filed November 3, 2010, and counsel appeared for Schaefer on December 7, 2010.

Under the first prong of the *Krupski* analysis, the Court asks if Schaefer knew or should have known, prior to the running of the limitations period that, but for a mistake, Sydner would have named him as a defendant. Schaefer's August 23, 2010, deposition

7

testimony establishes that the answer to that question is "no." Schaefer testified,

> Q. How did you prepare for the deposition today?
>
> A. Well, I looked over the complaint because I really didn't know how I was involved in any of it. So I went over the complaint just to see what allegedly was even in the complaint and that was about the extent of it. (Doc. 56-3, Schaefer Dep., 6:10-15).

Schaefer's testimony shows that he reviewed the complaint in preparation for a deposition that occurred almost exactly one year after the expiration of the limitations period on August 17, 2009. Sydner offers no evidence that Schaefer learned of the action earlier, even through informal means. Because Sydner fails to meet the first prong of the *Krupski* analysis, the Court need not also consider whether Sydner's delay in naming Schaefer impaired his ability to defend himself.

The amended complaint as to Schaefer does not relate back to the date of the original complaint under Rule 15(c). He was not named in the lawsuit by the time the statute of limitations had run and is entitled to repose. The Court will reject Magistrate Judge Williams' R&R as to Defendant Schaefer and will dismiss him from this action.

As to Defendant Vann, Judge Williams reasoned that claims against him related back to the original complaint because Sydner mistakenly identified him as "Sergeant Vaughn," the "correctional sergeant … legally responsible for the supervision of subordinate deputies, and the welfare of all the inmates of that jail." Although rather confusing - because there are officers named Vaughn and Vann at Jackson County Jail - it appears that Sydner intended to identify Vann, who is a sergeant, rather than Vaughn, a deputy. Judge Williams concluded that Sydner met Rule 15(c)'s requirements for relation

8

back as to Defendant Vann because his misidentification constituted a mistake and Vann admitted that he had notice of the action.

Again relying on *Krupski* to guide its analysis, the Court focuses on whether Vann knew or should have known that Sydner, had it not been for his mistake, would have sued him instead of or in addition to suing Vaughn, and whether the delay in Sydner's discovering his mistake impaired Vann's ability to defend himself. Unlike Schaefer, it appears from Vann's deposition testimony that he read the original complaint when it was filed.

> Q. (by Mr. Bleyer) At some point in time you said you looked at the complaint.
> A. That was earlier. That was when it first started.
> Q. (by Ms. Hurie) Oh, when it was first filed?
> A. Uh-huh. Yes. (Doc. 56-1, Vann Dep., 6:9-15).

The testimony is ambiguous, but because the Court must draw all reasonable inferences in Sydner's favor, the ambiguity must be construed to favor him. Consequently, Sydner satisfies the first prong - that Vann knew or should have known before the limitations period ended that Sydner, but for his mistake, would have sued him instead of or in addition to suing Vaughn.

Sydner satisfies the second prong of the analysis - whether the delay in Sydner's discovering his mistake impaired Vann's ability to defend himself - more easily. Defense counsel, Joseph A. Bleyer, originally entered this case on behalf of two other defendants on November 30, 2009. Consequently, he was familiar with Sydner's claims and active in the case for more than a year before he entered his appearance for Vann on

9

December 7, 2010. Other than a motion for an extension of time to file an answer (on behalf of Vann and six co-defendants), Mr. Bleyer has filed no other motions for a continuance. Moreover, Mr. Bleyer filed the instant motion to dismiss on behalf of Vann and four co-defendants on January 7, 2011, exactly one month after entering his appearance for Vann. In sum, there is no evidence that Vann's ability to defend himself has been impaired.

Accordingly, as to Defendant Jerome Vann, the undersigned Judge agrees with Judge Williams that the requirements of Rule 15(c) have been met, and Sydner's claims against Vann are not barred by the statute of limitations.

For the foregoing reasons, the Court **ADOPTS in part and REJECTS in part** Magistrate Judge Williams' Report and Recommendation (Doc. 57). The Court **ADOPTS** the Report as to Defendant Vann and **REJECTS** the Report as to Defendant Schaefer. As a result, the Court **GRANTS in part and DENIES in part** Defendants' motion to dismiss (Doc. 54). The Court **GRANTS** the motion as to all John Doe Defendants (including Greg Rowald and Robert Tellor), Charlie Glidewell and George Schaefer, and **DISMISSES** these Defendants **with prejudice**. The Court **DENIES** the motion as to Jerome Vann.

Remaining in this case are the following claims: Count 1 - excessive force against Defendant Marks; Count 2 - conspiracy to deprive constitutional rights against Defendant Marks; Count 3 - due process (inadequate and unsanitary housing) against Defendants Marks and Vaughn; Count 4 - due process (denial of medical care) against Defendant Vaughn; Count 5 - due process (segregation) against Defendant Vann; and Count 6 - state law assault and battery against Defendant Marks.

IT IS SO ORDERED.

DATED this 28th day of June, 2011

                                       s/Michael J. Reagan  
                                       MICHAEL J. REAGAN  
                                       United States District Judge